## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRADLEY L. LOWE | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil Action No. 1:06-cv-01803-ESH |
| | ) | |
| v. | ) | |
| | ) | |
| DONALD C. WINTER | ) | |
| Secretary of the Navy) | ) | |
| | ) | |
| *Defendant*. | ) | |
| _____) | | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

### INTRODUCTION

Plaintiff, Lieutenant Colonel Bradley L. Lowe (United States Marine Corps), respectfully submits this memorandum of law in opposition to Defendant's motion to dismiss the case for lack of subject matter jurisdiction. Defendant's legal position is that the Court does not have subject matter jurisdiction over this Privacy Act damages action because Lieutenant Colonel Lowe failed to file his claim within the two-year limitation period established by 5. U.S.C. § 552(g)(5).

Defendant's position is mistaken in that it does not consider the impact of the tolling provisions of the Servicemembers' Civil Relief Act, 50 U.S.C. app. § 526. That provision tolls the two-year limitations period of 5 U.S.C. § 552(g)(5). Even if Lieutenant Colonel Lowe's claim was filed past the two-year limitation period of the Privacy Act, his claim is properly before the Court.

Also pending before the Court is Defendant's motion for summary judgment. Lt. Col. Lowe will file forthwith a motion to stay summary judgment under Rule 56(f) of the Federal Rules of Civil Procedure and a memorandum of law in support of that motion.

## STATEMENT OF FACTS

On November 20, 2003, Lt. Col. Lowe assumed command of Helicopter Marine Light Attack 367 (HMLA 367), 3rd Marine Aircraft Wing (3dMAW), I Marine Expeditionary Force (I MEF), Camp Pendleton, CA. On August 18, 2004, his squadron deployed for Operation Iraqi Freedom II. On October 2, 2004, Lt Col. Lowe was relieved from his command due to aircraft mishaps under his command.

On October 18, 2004, the Marine Corps Times published on its front page a story titled, "Sacked in Iraq." The story featured Lt. Col. Lowe's photograph on the front page. The October 18, 2004 Marine Corps Times story cited its reliance on "official records." The Marine Corps Times did not file a request for the published information pursuant to the Freedom of Information Act. Defendant did not request Lt. Col. Lowe's permission before disclosing the information to the Marine Corps Times. Lt. Col. Lowe expressed his strong desire that the matter remain private. Def.'s Exhibit A, at 5.

## ARGUMENT

Defendant correctly states that the party asserting jurisdiction in a lawsuit bears the burden of establishing the court's jurisdiction. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)*; *St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89, 58 S. Ct. 586, 82 L. Ed. 845 (1938)*; *see also Gen. Motors Corp.*

*v. Envtl. Prot. Agency, 361 U.S. App. D.C. 6, 363 F.3d 442, 448 (D.C. Cir. 2004)* (noting that "as a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

5 U.S.C. § 552(a)(g)(1)(D) allows plaintiffs to bring money damages claims based on an agency's prohibited disclosures of Privacy Act protected information. 5 U.S.C. § 552(a)(g)(5) mandates that such claims must be brought "within two years from the date on which the cause of action arises." The two-year limitations period commences from the date when the plaintiff knows or has reason to know that the agency has made a prohibited disclosure. See Tijerna v. Walters, 821 F. 2d 789, 798 (D.C. Cir. 1987).

**Servicemembers' Civil Relief Act of 2003**

50 U.S.C. app. § 526(a) provides as follows: "[t]olling of statutes of limitation during military service. The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or against the servicemember or the servicemember's heirs, executors, administrators, or assigns."

This provision, as well as its predecessor, has been interpreted to apply to claims brought by military personnel under the Privacy Act. In Baker v. England, 397 F. Supp. 2d 18 (D.C.D.C. 2005), the Court dismissed the defendant's motion to dismiss for lack of subject matter jurisdiction. The plaintiff filed an action for the amendment of his personnel records pursuant to 5 U.S.C. § 552a(d)2(B)(i). Id. at 24. The defendant moved to dismiss on the ground that the complaint was outside the two-year limitation period of 5 U.S.C. § 552(a)(g)(5). Id. at 23.

In denying the defendant's motion to dismiss, the Court stated: "[t]he court need not waste much discussion as the statute is unambiguous. Indeed, although the defendants led off

with the statute of limitations argument in their motion to dismiss and for summary judgment, they abandoned it completely when time came for their reply, after the plaintiff referenced the Servicemembers Civil Relief Act in rebuttal. The D.C. Circuit, moreover, has held that this statute's immediate predecessor and substantive equivalent - *50 U.S.C. App. § 525* - tolls ''any' limitations period...appearing in 'any' law for the bringing of 'any' action before 'any' court, board or bureau.' *Detweiler v. Pena, 309 U.S. App. D.C. 16, 38 F.3d 591, 593 (D.C. Cir. 1994)* (citing *Conroy v. Aniskoff, 507 U.S. 511, 514, 113 S. Ct. 1562, 123 L. Ed. 2d 229 (1993)).* Because the plaintiff has been an active duty member of the United States Marine Corps since the first fitness report, the Servicemembers Civil Relief Act applies, and the Privacy Act's statute of limitations does not. For that reason, the court denies the defendants' motion to dismiss on statute of limitations grounds." Id. at 23-24.

At all relevant times Lt. Col. Lowe was an active duty member of the United States Marine Corps. Detweiler v. Pena, 38 F.3d 591 (D.C. Cir. 1994), and Baker require the denial of Defendant's motion to dismiss this action for lack of subject matter jurisdiction.

## **CONCLUSION**

Based on the foregoing, Lt. Col. Lowe respectfully requests that the Court deny Defendant's motion to dismiss this case.

Respectfully submitted,

/s/

Raymond J. Toney (NY0066)
The Law Office of Raymond J. Toney
404 Park Avenue South, 14th Floor
New York, NY 10016
Tel: 212-686-3434, ext. 206
Fax: 718-504-4735


David P. Sheldon (D.C. Bar # 446039)
The Law Offices of David P. Sheldon, PLLC
512 8th Street, S.E.
Washington, DC 20003
Tel: 202-546-9575
Fax: 202-546-0135

*Attorneys for Plaintiff*


March 15, 2007