**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BRADLEY L. LOWE | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Civil Action No. 1:06-cv-01803-ESH |
| v. | ) | |
| | ) | |
| DONALD C. WINTER | ) | |
| Secretary of the Navy | ) | |
| | ) | |
| *Defendant*. | ) | |
| _____ | ) | |

**PLAINTIFF'S MOTION FOR A CONTINUANCE OF SUMMARY JUDGMENT**
**UNDER RULE 56(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff, Lieutenant Colonel Bradley L. Lowe, United States Marine Corps, respectfully submits this motion for a continuance of summary judgment under Rule 56(f) of the Federal Rules of Civil Procedure. The granting of this motion is appropriate because there are numerous material facts in dispute going to the merits of Lt. Col. Lowe's claim, and for which he has not been permitted discovery under the Federal Rules of Civil Procedure. If the Court denies this motion, Plaintiff respectfully requests a 14-day period in which to respond to Defendant's motion for summary judgment, commencing from the date of the Court's order denying this motion.

Undersigned counsel consulted with Ms. Charlotte A. Abel, counsel for Defendant, who stated that Defendant will oppose this motion. Accompanying this motion is Lt. Col. Lowe's memorandum of law in support thereof and declaration of counsel.

Respectfully submitted,

/s/

Raymond J. Toney (NY0066)
The Law Office of Raymond J. Toney
404 Park Avenue South, 14th Floor
New York, NY 10016
Tel: 212-686-3434, ext. 206
Fax: 718-504-4735


David P. Sheldon (D.C. Bar # 446039)
The Law Offices of David P. Sheldon, PLLC
512 8th Street, S.E.
Washington, DC 20003
Tel: 202-546-9575
Fax: 202-546-0135

*Attorneys for Plaintiff*

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BRADLEY L. LOWE | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Civil Action No. 1:06-cv-01803-ESH |
| v. | ) | |
| | ) | |
| DONALD C. WINTER | ) | |
| Secretary of the Navy | ) | |
| | ) | |
| *Defendant.* | ) | |
| _____ | ) | |

**DECLARATION OF RAYMOND J. TONEY**

I, Raymond J. Toney, counsel for Plaintiff, Bradley L. Lowe, do hereby declare, for and on behalf of Plaintiff:

(1)    That the existing record in this matter does not permit Plaintiff to state by affidavit the facts essential to justify his opposition to Defendant's motion for summary judgment;

(2)    Plaintiff is not in possession of documents or other sources of information sufficient to allow him to oppose Defendant's motion for summary judgment;

(3)    Defendant has not provided Plaintiff any documents or other sources of information pertaining to this matter apart from Exhibit A and Exhibit B to Defendant's Memorandum of Law; and

(4)    Plaintiff requires formal discovery to respond to Defendant's motion for summary judgment.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 19th day of March, 2007.

Raymond J. Toney

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BRADLEY L. LOWE | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil Action No. 1:06-cv-01803-ESH |
| | ) | |
| v. | ) | |
| | ) | |
| DONALD C. WINTER | ) | |
| Secretary of the Navy | ) | |
| | ) | |
| *Defendant*. | ) | |
| _____ | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO CONTINUE SUMMARY JUDGMENT PURSUANT TO RULE 56(f)**

**INTRODUCTION**

Plaintiff, Lieutenant Colonel Bradley L. Lowe, United States Marine Corps, respectfully submits this memorandum of law in support of his motion for a continuance of summary judgment under Rule 56(f) of the Federal Rules of Civil Procedure. The granting of Plaintiff's motion is appropriate because there are material facts in dispute going to the merits of his claim for which he has not been permitted discovery under the Federal Rules of Civil Procedure. The existing record does not permit Plaintiff to oppose Defendant's motion.

**ARGUMENT**

Summary judgment is proper only if there "is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Morgan v. Federal Home Loan Mortgage Corp., 328 F.3d 647, 650 (D.C. Cir. 2003).  Normally summary judgment will not be granted until "after the plaintiff has been given adequate time for discovery." First Chicago Int'l v. United Exch. Co., 836 F.2d 1375, 1380 (D.C. Cir. 1988).  Where the existing record is

insufficient for summary judgment purposes and the non-moving cannot by affidavit present all facts essential to justify his or her opposition, he or she must enjoy "a full opportunity to conduct discovery." Id. See also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). No discovery has occurred in this case.

Rule 56(f) of the Federal Rules of Civil Procedure provides that a court "may refuse the application for summary judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had" if it "appears from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Plaintiff demonstrates below that there are material facts in dispute and he cannot present by affidavit all facts essential to oppose Defendant's motion for summary judgment.

Plaintiff alleges that the Marine Corps violated 5 U.S.C. §552a(b) by improperly disclosing personal information contained in a system of records to the Marine Corps Times, a private entity. As Defendant correctly stated, "to establish a *prima facie* Privacy Act cause of action, a plaintiff must prove that the information released was maintained in a system of records, retrievable by a personal identifier, and that the agency improperly disclosed the information. Henke, 83 F.3d at 1459-1460." Def.'s Memo. at 8.

At present, without discovery, Plaintiff is able to satisfy the first two elements of the *prima facie* case. Defendant concedes, by failing to argue or cite facts to the contrary, that the information released to the Marine Corps Times was information contained in a record maintained in a system of records that is retrievable by a personal identifier particular to Plaintiff. Nowhere in Defendant's "Statement of Material Facts Not in Genuine Dispute" or his

memorandum of law does he contest those two elements of the case. The Court should deem those facts admitted and the two corresponding elements of Plaintiff's claim satisfied.

Defendant's motion for summary judgment thus turns on his assertions that (1) the disclosed information was "particularly newsworthy;" (2) his interest in disclosing the information to the public without Plaintiff's consent outweighed Plaintiff's privacy interests because the information involved matters of "high media and public interest;" and (3) Plaintiff has not demonstrated that Defendant's disclosures were willful and intentional. Def.'s Memo. at 9-12. Given the paucity of material in the existing record, these issues clearly are not ripe for adjudication.

The only evidence Defendant has presented in support of his arguments are the Marine Corps Times article and SECNAV INST 5720.44B, "Public Affairs Policy and Regulations," contained in exhibits A and B, respectively. (The regulation contained in Exhibit B is date-stamped November 1, 2005, and did not exist at the time of the disclosures of Plaintiff's information.) Apart from not producing the regulation that was applicable at the relevant time, Defendant has produced no memoranda, notes, electronic mail traffic, authorizations for release of the information, determinations of the information's suitability for release, Freedom of Information Act requests, affidavits, or any other relevant, admissible evidence in support of his motion for summary judgment.

It is virtually inconceivable that no records exist pertaining to Defendant's decision to provide the Marine Corps Times with a press release and personal information pertaining to Plaintiff. The decision to do so likely was the subject of discussion, debate, and comment by Marine Corps officials, to include Marine Corps legal advisors. And it would be most unusual if

the Marine Corps did not retain copies of any Freedom of Information Act requests submitted by the Marine Corps Times or other individuals/entities regarding the mishaps forming the subject of the disclosures at issue.

At present Plaintiff is unable to determine from the existing record whether Defendant adhered to the applicable version of SECNAV INST 5720.44B. Nor can he assess whether the "four-step process for evaluating whether information is exempt from disclosure and must be withheld" that is specified in 32 C.F.R. § 701.112(b)(2)(iii) was considered and complied with. See Chang v. Dep't of the Navy, 314 F. Supp. 2d 35, 43 (D.C.D.C. 2004).[1] He cannot determine whether the disclosure was willful and intentional.

Without discovery Plaintiff (and the Court) will be left to speculate about: (1) the circumstances of and motivations for the release of the information; (2) the desired consequences of the release of the information; (3) the decision-making authority for the release of the information; (4) any perceived public interest in the release of the information; (5) precisely what information was released, when, and with whose involvement; (6) any limitations, self-imposed or mandated by law, on the scope and detail of the released information; and (7) the existence of any previous or additional requests for the same or similar information. Each of those questions entails disputed or unknown facts going to the merits that are material to the disposition of this case whether by summary judgment or trial.

---

[1] The steps as stated in Chang are: (1) "to determine whether a viable privacy interest exists in the records involving an identifiable living person;" (2) "to consider how disclosure would benefit the general public in light of the content and context of the information in question;" (3) "to determine whether the identified public interests qualify for consideration;" and (4) "to balance the personal privacy interests against the qualifying public interest."

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant his Rule 56(f) motion to continue summary judgment pending the completion of discovery. Plaintiff further requests that the Court order a Scheduling Conference to establish the scope and time-lines for discovery and further briefing. If the Court denies Plaintiff's Rule 56(f) motion, he respectfully requests that the Court permit him 14-days from the date of the denial order to response to Defendant's motion for summary judgment.

Respectfully submitted,

/s/

Raymond J. Toney (NY0066)
The Law Office of Raymond J. Toney
404 Park Avenue South, 14th Floor
New York, NY 10016
Tel: 212-686-3434, ext. 206
Fax: 718-504-4735


David P. Sheldon (D.C. Bar # 446039)
The Law Offices of David P. Sheldon, PLLC
512 8th Street, S.E.
Washington, DC 20003
Tel: 202-546-9575
Fax: 202-546-0135

Attorneys for Plaintiff