## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRADLEY L. LOWE,** ) | |
| ) | |
| **Plaintiff,** ) | **Case No. 1: 06CV01803 (ESH)** |
| ) | |
| **v.** ) | |
| ) | |
| **DONALD C. WINTER,** ) | |
| **SECRETARY,** ) | |
| **DEPARTMENT OF THE NAVY,** ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S
## MOTION PURSUANT TO RULE 56(f)

### Background

Plaintiff is an officer on active duty in the United States Marine Corps. On November 20, 2003, plaintiff assumed command of a Marine Corps squadron. On August 18, 2004, plaintiff's squadron deployed to Iraq for Operation Iraqi Freedom II. On October 2, 2004, plaintiff was relieved or removed from his command due to aircraft mishaps in his squadron.

On October 18, 2004, the Marine Corps Times published a story titled, "Sacked in Iraq - Squadron CO, XO, 3 others sent packing - what went wrong?" See Marine Corps Times article dated October 18, 2004; see Exhibit A. The article states that, "After the fifth accident in 11 months, the 3rd Marine Aircraft Wing commander had seen enough. It was time to clean house. In what could be called a 'decapitation strike', Maj. Gen. Keith J. Stalder fired both the commanding and executive officers of Marine Light Attack Helicopter Squadron 367." Id. The article further quoted Maj. Gen. Stalder from a written response to questions dated October 5, 2004 as saying, "'Making a decision like this one is very difficult, but serious measures need to

be taken . . . When we lose aircraft and people in mishaps we are doing the work of the enemy. The squadron has performed combat missions well, but the rate at which it was losing aircraft and personnel from mishaps is unacceptable.'" Id.

The article listed plaintiff's name as the relieved Commanding Officer, but gave no other information about his individual performance, and went on to provide details gleaned from interviews with the plaintiff himself and with anonymous squadron members about the aircraft mishap record of HMLA 367. Id. The only official comments made by Marine Corps officials about plaintiff were in the October 5, 2004 "written response to questions." Id.

**Defendant's Dispositive Motion**

On March 19, 2007, defendant moved to dismiss or, in the alternative for summary judgment. Defendant argued that to establish a *prima facie* Privacy Act cause of action for wrongful disclosure, a plaintiff must prove that the information released was maintained in a system of records, retrievable by a personal identifier, and that the agency improperly disclosed the information. Henke, 83 F.3d at 1459-1460. Only upon establishing a *prima facie* Privacy Act case may a plaintiff then attempt to establish an entitlement to damages. Fisher, 934 F. Supp. at 468.

Here plaintiff cannot establish a *prima facie* Privacy Act violation. Although the Privacy Act provides certain safeguards for an individual against an invasion of personal privacy, it allows certain conditions for disclosure and non-disclosure of private information contained in agency records. See 5 U.S.C. §552a(b). Privacy Act protections do not extend to information releasable under the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552a(b)(3). Navy Privacy Act implementing regulations expressly provide that, while information regarding

2

administrative action taken against an officer is "generally not releasable[,]" such information should be disclosed pursuant to a FOIA request where the facts leading to the action are "particularly newsworthy..." 32 C.F.R. §701.112(b)(2)(viii)(D) (1999).  These regulations expressly provide that information from personnel records is not exempt from release under FOIA's section 552(b)(6) exception when the public interest outweighs the service-member's privacy interest.  Id., §701.112(b)(2)(iii).  This policy is also clearly articulated in Navy Public Affairs regulations directing that information releasable under FOIA should be released to the media, even absent a formal FOIA application, when it involves matters of high media and public interest.  SECNAVINST 5720.44A (Department of the Navy Public Affairs Policy and Regulations), ¶0201.3., attached as Exhibit B.

Navy's position on this issue is not unique.  See Dunkelberger v. Dep't of Justice, 906 F.2d 779, 782 (D.C. Cir. 1990); Chang v. Department of the Navy, 314 F.Supp. 2d 35 (D.D.C. 2004) (where Navy Commanding Officer was relieved of command and awarded non-judicial punishment ("NJP") after collision of his ship with a Saudi tanker.  Navy's disclosures of details in a Press Release and Responses to Questions to the media were found to comply with navy regulations concerning the disclosure of "newsworthy" items.)  Disclosures of materials relating to investigations into alleged misconduct or inefficiency of public officials are frequently not considered to be an unreasonable invasion of the official's personal privacy.  See 37 A Am. Jur. 2d, Freedom of Information Acts §254 (1994)(footnotes omitted).  "Information is not protected from disclosure merely because it has been placed in a personnel file, where there is an overriding public interest in information relating to investigations of alleged misconduct."  Id.

The decision in <u>Cochran v. United States</u>, 770 F.2d 949 (11th Cir. 1985) is especially persuasive.  In <u>Cochran</u>, a senior Army officer claimed that a press release disclosing the results of his NJP violated the Privacy Act.  After reviewing the Army's implementing regulations, the Privacy Act, the FOIA, and the acts' legislative histories, the court held that "[t]he FOIA exception to the Privacy Act was included in the Privacy Act 'to meet the objections of the press and media representatives that the statutory [FOIA] rights of access to public records and the right to disclosure of government information might be defeated if such restrictions [] were to be placed on the public and press.'" <u>Id</u>. at 955, n.7.  The <u>Cochran</u> court determined that, in light of this policy, the public interest in "whether public servants carry out their duties in an efficient and law-abiding manner" outweighed the officer's privacy interest in keeping the information of his NJP proceedings confidential.  <u>Id</u>. at 956; <u>see also</u> 37 A Am. Jur. 2d Freedom of Information Acts §254 (1994).

The record of aviation mishaps within the Marine Corps, and within plaintiff's squadron, was clearly newsworthy, particularly within the Marine Corps Times' reading audience.  The war in Iraq and the use of the nation's troops and equipment to fight the war are national daily news items.  The Marine Corps Times article itself indicates that the removal of plaintiff as Commanding Officer of his squadron came "at a time when Marine aviation is in the early stages of one of the most intense safety crackdowns in recent history."  <u>See</u> Marine Corps Times article, at 1.  <u>See</u> Exhibit A.  The Marine Corps' response to a troubling record of mishaps by removing plaintiff or others similarly situated from their positions is a matter of high public interest.  The fact that Maj. Gen. Stalder kept his comments limited to the performance of the squadron, and the Marine Corps spokesman declined a request for further comment in response to plaintiff's

remarks reflects the Marine Corps' officials attempts to balance the privacy interests of plaintiff

and his officers against the public's interest.[1]    See Ex. A.  Under these circumstances, plaintiff

cannot hope to succeed on any claim based on the complained-of Navy disclosures to the Marine

Corps Times.

### Plaintiff's Rule 56(f) Motion

Plaintiff's counsel, Raymond J. Toney, has filed an affidavit pursuant to Rule 56 (f) of the

Federal Rules of Civil Procedure.  Plaintiff argues that the case turns on whether the disclosed

information was particularly newsworthy, whether the public interest in the information

outweighed plaintiff's privacy interests, and whether the disclosures were willful and intentional.

Pltf's Mot. at 3.   Plaintiff speculates that it is virtually inconceivable that no records exist

pertaining to Defendant's decision to release personal information about the plaintiff to the

Marine Corps Times.  Pltf's Mem. at 3.  But the existence of such records are not relevant to

whether a disclosure in violation of the Act occurred.  He further speculates that such a decision

would have been preemptively subject to scrutiny by legal advisors.  Although this may impact

whether the disclosure was wilfull, it has no bearing on whether disclosure in violation of the Act

occurred.  Finally, he concludes that "it would be most unusual if the Marine Corps did not retain

copies of any Freedom of Information Act requests submitted by the Marine Corp Times or other

individuals..." which were the basis for the disclosure.  Pltf's Mem. at 4.  However, such a

request is not required for the exception to apply rendering this point irrelevant.  Moreover, such

rank speculation, without more, does not meet the standard under Rule 56(f).  Plaintiff has failed

---

[1]It is of note that plaintiff provided information concerning his relief of command to the press.  As this lawsuit indicates, it appears that plaintiff would have the Privacy Act interpreted in such a manner that would allow only him to comment on this important public issue.

to make the requisite showing of inability to obtain timely answers to his questions, and to show

how he intends to use discovery to resolve material issues in dispute.[2]

Fed. R. Civ. P. explicitly states that:

> Should it appear from the affidavits of a party opposing the motion [under Rule 56] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had . . . .

A party invoking Rule 56(f) to delay summary judgment must demonstrate that the request is

authoritative, timely, and for good cause, and that the discovery sought is both useful and

material. *See Resolution Trust Corp. v. North Bridge Associates, Inc., 22 F. 3d 1198, 1204* (1st

Cir. 1994). General statements are not sufficiently specific to support a Rule 56(f) affidavit. *See*

*Byrd v. U.S. E.P.A.*, 174 F. 3d 239, 248 (D.C. Cir. 1999) (allegations that a witness might hold

undisclosed information insufficient). It is plaintiff's burden to show a plausible basis to believe

that *specific*, discoverable facts exist. Such a showing requires more than mere speculation. *See*

*Resolution Trust,* 22 F.3d at 1203, 1206. Counsel must show "some realistic prospect that the

facts can be obtained within a reasonable time . . . and will, . . . if obtained . . . suffice to

engender an issue both genuine and material." *See Paterson-Leitch* Co., *Inc. v. Mass. Mun.*

*Wholesale Elec. Co.*, 840 F.2d 985, 988 (1st Cir. 1988).

A party seeking the protection of Rule 56(f) "must state by affidavit the reasons why he is

unable to present the necessary opposing material." Cloverleaf Standardbred Owners Ass'n, Inc.

---

[2]Defendant attaches Exhibit C which is the applicable version of SECNAV INST 5720.44A, dated June 3, 1987. Plaintiff correctly noted that defendant's Exhibit B is date stamped November 1, 2005, and did not exist at the time period relevant to the incident that is the subject of this lawsuit.

v. Nat'l Bank of Washington, 699 F.2d 1274, 1278 n. 6 (D.C. Cir. 1983); but see First Chicago Int'l v. United Exchange Co., 836 F.2d 1375, 1380 (D.C. Cir. 1988) (recognizing exception where filing an affidavit is not essential to preserve Rule 56(f) contention as long as the district court was alerted to the need for further discovery), distinguished by Novecon, LTD v. Bulgarian-American Enterprise Fund, 977 F.Supp 52 (D.D.C. 1997).  The party seeking additional discovery bears the burden of identifying the facts to be discovered that would create a triable issue and the reasons why the party cannot produce those facts in opposition to the motion.  Byrd v. Envtl. Prot. Agency, 174 F.3d 239, 248 N.8 (D.C. Cir. 1999).  The rule's text plainly refers to an affidavit setting forth the reasons that the party cannot oppose the pending Rule 56 motion but instead requires additional discovery.

Here, plaintiff argues that there are "numerous" material facts in dispute but he does not identify a single disputed material fact.  Pltf's mot. at 1.  In his affidavit, Mr. Toney declares that he has no facts upon which he can oppose defendant's dispositive motion but he does not say why he has been unable to determine the facts through investigation.  Toney Declar.  For example, Mr. Toney did not explain whether he has sought to obtain information from the author of the Marine Corp. Times article or from his own client.  *Id*.  Likewise, Mr. Toney does not explain why formal discovery is necessary in order to obtain the necessary facts.  *Id*.  In addition, Mr. Toney does not proffer what discovery he intends to seek and how those discovery methods are calculated to reveal the necessary material facts in dispute.  *Id*.

Plaintiff argues that he can prove the first two elements of his prima facie case on the basis that the defendant did not deny that the information released to the Marine Corps Times was contained in a record maintained in a system of records that is retrievable by a personal

7

identifier particular to Plaintiff.  Pltf's Mem. at 2.  Plaintiff asserts on this basis that the Court

should deem these facts to be true.  Pltf's Mem. 3.  However, this does not follow because

defendant is not obligated to identify all disputed facts.  It is only obligated to identify genuine

disputes, i.e., disputes of fact that are material to the issue to be decided by the Court.  In

addition, it is the plaintiff, not the defendant, who bears the burden to prove his own case.  It is

not up to the defendant to disprove plaintiff's unsupported allegations.


CONCLUSION

For the foregoing reasons, the Court should deny plaintiff's motion pursuant to Fed. R.

Civ. P. 56(f) and grant defendant's motion to dismiss.


Respectfully submitted,

____/s/_____
JEFFREY A. TAYLOR
D.C. Bar No. 498610
United States Attorney


____/s/_____
RUDOLPH CONTRERAS
D.C. Bar No. 434122
Assistant United States Attorney


____/s/_____
CHARLOTTE A. ABEL
D.C. Bar No. 388582
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 307-2332

Of Counsel:
LCDR Heidi K. Hupp, JAGC, USN
General Litigation Division
Office of the Judge Advocate General
1322 Patterson Avenue Suite 3000
Washington Navy Yard D.C. 20374-5066 Of Counsel:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
BRADLEY L. LOWE,                        )
                                        )
                                        )
               Plaintiff,               )
                                        )          No. 1:06CV01803 (ESH)
               v.                       )          ECF
                                        )
DONALD C. WINTER,                       )
SECRETARY OF THE NAVY,                  )
                                        )
               Defendant.               )
_____ )

ORDER

UPON CONSIDERATION of Plaintiff's Motion for a Continuance of Summary

Judgment under Rule 56(f) of the Federal Rules of Civil Procedure, and the Opposition

thereto,

it is this _____ day of _____, 2007,

ORDERED, that Plaintiff's Motion for a Continuance of Summary Judgment

under Rule 56(f) of the Federal Rules of Civil Procedure should be, and it hereby is,

denied.

IT IS FURTHER ORDERED, that the case is dimissed.

_____
UNITED STATES DISTRICT JUDGE