UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BRADLEY L. LOWE** <br> Plaintiff | * | |
| | * | |
| v. | | CIVIL ACTION |
| | * | |
| | | NO.: 1:06-cv-01803-ESH |
| **GORDON R. ENGLAND** <br> Secretary of the Navy <br> Department of the Navy <br> Defendant | * | |
| | * | |
| | * * * | |

## NOTICE OF FILING

Defendant submits the attached Exhibit C that was inadvertently omitted as an attachment to Defendant's Opposition to Plaintiff's Motion to Continue Summary Judgment Pursuant to Rule 56(f).

                                                 Respectfully submitted,

                                                 \_\_/s/_____
                                                 JEFFREY A. TAYLOR
                                                 D.C. Bar No. 498610
                                                 United States Attorney

                                                 \_\_\_/s/_____
                                                 CHARLOTTE A. ABEL
                                                 D.C. Bar No. 388582
                                                 Assistant United States Attorney
                                                 555 Fourth St., N.W.
                                                 Washington, D.C. 20530
                                                 (202) 307-2332



**DEPARTMENT OF THE NAVY**
OFFICE OF THE SECRETARY
WASHINGTON, D.C. 20350-1000

SECNAVINST 5720.44A
OI-5
03 June 1987

## SECNAVINST 5720.44A

From: Secretary of the Navy
To:   All Ships and Stations

Subj: DEPARTMENT OF THE NAVY PUBLIC AFFAIRS POLICY AND REGULATIONS

1. **Purpose.** To provide basic policy and regulations for carrying out the public affairs and internal relations programs of the Department of the Navy.

2. **Cancellation.** SECNAVINST 5720.44 (Department of the Navy Public Affairs Regulations of 1974). Appendix F of this instruction lists cancelled reports previously required by SECNAVINST 5720.44.

3. **Organization and Design of This Instruction.** This instruction is organized in two parts. Regulations and policy which are directive in nature are printed on white paper. Procedural guidance on ways regulations and policy may be implemented is printed on yellow paper.

4. **Administration and Maintenance.** The Chief of Information (CHINFO) is assigned responsibility for the implementation and administration of these regulations and is authorized to issue any necessary subsequent changes. Recommendations for changes and improvements, with supporting data, should be submitted to CHINFO.

5. **Reports and Forms.** Reports and forms required by this instruction are listed in Appendix E.

James H. Webb, Jr.
Secretary of the Navy

Distribution:
SNDL Parts 1 and 2
MARCOR Codes: 1025/2020/
2030/3700/6025/6600/6901/
6902/7315/7401/7501001/
8501(5)/7000064(6)/7225068

Stocked:
CO, NAVPUBFORMCEN
5801 Tabor Avenue
Philadelphia, PA 19120-5099 (1000 copies)

SECNAVINST 5720.44A
3 JUN 1987

## SECTION C

## THE BALANCING TEST

### 0707 BALANCING OF INTERESTS

a. <u>General</u>. According to the Privacy Act, "records" will not be disclosed without the written consent of the person to whom the records refer unless disclosure of the records comes within an exemption, including disclosure required by FOIA. FOIA requires--with certain exceptions--that properly requested records be made available to anyone. One of the exemptions is for "personnel and medical files and similar records the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." The legislative history of FOIA notes that the act "enunciates a policy that will involve a balancing of interests between the protection of an individual's private affairs from unnecessary scrutiny, and the preservation of the public's right to governmental information." The Supreme Court has also commented on the balancing test, noting that the "Congress sought to construct an exemption that would require a balancing of the individual's right to privacy against the preservation of the basic purpose of FOIA, 'to open agency action to the light of public scrutiny.'"

b. <u>Basic Considerations</u>. Answers to these questions should be considered in applying the balancing test:

    (1) What is the extent and value of the public interest or the objective of the individuals seeking the information?

    (2) Would disclosure result in an invasion of privacy? If so, how serious is the invasion?

    (3) Is the information available from other sources?

    (4) What are the motives of the individual requesting the information?

c. <u>Media Relations Implications</u>. Unless news media representatives make it clear that they are seeking information under FOIA, their requests fall under the customary provisions of Chapter Three (Public Information). The policy of the Department of the Navy is that <u>any information which would be released under FOIA should also be released to news media representatives upon request</u>, whether or not they cite FOIA as the basis for their request. Application of the balancing test may require different answers to the same question during different time frames as media and public interest intensify. When there is high media and public interest, disclosure of information is not usually withheld because it is an invasion of personal privacy. Also, case law suggests that privacy interests are greatly diminished for persons who violate the law.

SECNAVINST 5720.44A
**3 JUN** 1987

THIS PAGE IS
INTENTIONALLY BLANK.

## 0708 BALANCING TEST CRITERIA

a. <u>Basic Procedures</u>. All of the following criteria will be considered in determining whether or not information is releasable under the Privacy Act. This constitutes the balancing test.

(1) REASONS TO RELEASE:

    (a) Has an inquiry been received?

    (b) Is there a need to open the action to the light of public scrutiny?

    (c) Is the information available from other sources?

    (d) Is there a <u>real</u> public interest in releasing the information?

    (e) Would it otherwise be released <u>if</u> a FOIA request were filed?

    (f) Has the concern of individual privacy been diminished by a violation of law?

    (g) Is it being withheld merely because it causes embarrassment or reflects administrative inefficiency?

    (h) Would the release of the information meet a legitimate public need to be informed about a public figure?

(2) REASONS TO PROHIBIT RELEASE:

    (a) Does the information fall within one of the nine specific FOIA exemptions?

    (b) Will a legitimate government purpose be served by withholding the information?

    (c) Is it a clearly unwarranted invasion of personal privacy?

    (d) Would the government be subject to libel?

    (e) Is the information provided as an unrequested part of the response to a requested inquiry? (That is, is it more than was asked for?)

    (f) Could the information be misused against an individual (could it harm or embarrass?)

    (g) Is it entirely sensitive or derogatory, as it pertains to the individual?

SECNAVINST 5720.44A
3 JUN 1987

THIS PAGE IS
INTENTIONALLY BLANK.

SECNAVINST 5720.44A
3 JUN 1987

## 0709 RELEASABLE PERSONAL INFORMATION

a. <u>Details</u>. Certain personal information is considered releasable under the FOIA and would not be considered a clearly unwarranted invasion of personal privacy. Enclosure (3) of reference (a) directs the reader to examine paragraph 7b(2) of reference (b) for examples (not an inclusive list) of what can be routinely disclosed without constituting a clearly unwarranted invasion of personal privacy.

   (1) For civilian employees:

      (a) Name;

      (b) Present and past grades;

      (c) Present and past position titles;

      (d) Present and past salaries;

      (e) Present and past duty stations;

      (f) Office or duty telephone numbers.

   (2) For military personnel:

      (a) Name;*

      (b) Rank and date of rank;

      (c) Gross salary;

      (d) Present* and past duty stations;

      (e) Future assignments that are officially established;

      (f) Office or duty telephone numbers;

      (g) Source of commission;

      (h) Promotional sequence number;

      (i) Awards and decorations;

      (j) Attendance at professional military schools (major area of study, school, year of education and degree);

      (k) Duty status at any given time (i.e., active, selected reserve, USMCR, etc.).

\* Certain restrictions may apply to certain personal information the release of which might endanger personnel. Review Article 0507 (Release of Information that Could Endanger Personnel).