UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BRADLEY L. LOWE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Civil Action No. 06-1803 (ESH) |
| DONALD C. WINTER, Secretary of the Navy, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Plaintiff Bradley Lowe, an officer in the United States Marine Corps, sues the Secretary of the Navy for improperly disclosing personal information about him in violation of the Privacy Act. Before the Court are defendant's motion for summary judgment and plaintiff's motion to continue summary judgment pursuant to Federal Rule of Civil Procedure 56(f) to afford him an opportunity to conduct discovery in order to oppose defendant's motion. As explained herein, the Court will grant plaintiff's Rule 56(f) motion and deny without prejudice defendant's motion for summary judgment.

### BACKGROUND

Plaintiff is an active duty officer in the United States Marine Corps who previously commanded a Marine light attack helicopter squadron in Iraq. (Compl. ¶¶ 3, 7-8.) On October 2, 2004, plaintiff was relieved of his command due to aircraft mishaps that occurred under his command. (*Id.* ¶ 9.) Thereafter, the *Marine Corps Times*, a private entity, published a story regarding plaintiff's relief from command, citing "official Marine Corps records," as well as a written response to questions by Marine Corps Major General Keith J. Stalder. (*See* Def.'s

Mem. in Support of Mot. to Dismiss or for Summ. J. ["Def.'s Mot."], Ex. A [*Marine Corps Times* article].) As a result, plaintiff filed this action alleging that defendant had violated the Privacy Act by disclosing personal information about him to the *Marine Corps Times* and seeking damages for the allegedly unlawful disclosures. (Compl. ¶¶ 16-22.)

In lieu of answering the complaint, defendant moved for summary judgment, arguing that plaintiff cannot establish a *prima facie* claim under the Privacy Act because (1) the disclosures at issue were permissible under the Freedom of Information Act ("FOIA") exception to the Privacy Act and (2) plaintiff cannot show that the disclosures were "willful and intentional," as required by the Privacy Act. 5 U.S.C. § 552a(g)(4); Def.'s Mot. at 11-12. In response, plaintiff has moved for discovery under Rule 56(f), supported by a declaration from counsel. (Decl. of Raymond J. Toney.) To date, no discovery has been taken.

## ANALYSIS

**I.      Legal Standard Under Rule 56(f)**

Rule 56(f) permits the Court to "refuse [an] application for [summary] judgment or . . . order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had," if it appears "from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Fed. R. Civ. P. 56(f). The party seeking a continuance must "'state[] concretely' why additional discovery is needed to oppose [the motion]." *Messina v. Krakower*, 439 F.3d 755, 762 (D.C. Cir. 2006) (quoting *Strang v. U.S. Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989)). The purpose of the Rule is to "prevent 'railroading' the non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery." *Dickens v. Whole Foods Market Group, Inc.*, No. 01-1054, 2003 WL

21486821, at *2 n. 5 (D.D.C. Mar. 18, 2003). Thus, Rule 56(f) motions are granted "'almost as a matter of course unless the nonmoving party has not diligently pursued discovery of the evidence.'" *Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414 (D.C. Cir. 1995) (quoting *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 n.4 (5th Cir. 1992)).

**II.    The Privacy Act**

The Privacy Act, codified at 5 U.S.C. §552a, prohibits an agency from "disclos[ing] any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . . ." 5 U.S.C. § 552a(b). A Privacy Act claim for monetary damages based on improper disclosure has four elements: (1) information disclosed is a "record" within a "system of records"; (2) an agency improperly disclosed the information; (3) the agency's disclosure was willful or intentional; and (4) an adverse impact resulted from the disclosure. *Logan v. Dep't of Veteran Affairs*, 357 F. Supp. 2d 149, 154 (D.D.C. 2004). Privacy Act protections do not extend to information the agency would be required to release under FOIA. 5 U.S.C. § 552a(b)(2).

Defendant argues that summary judgment is warranted both because the information disclosed was releasable under FOIA, and therefore not protected by the Privacy Act, and because plaintiff cannot show that the disclosures were willful and intentional. (Def.'s Mot. at 9-13.)

As to the releasability of the information under FOIA, the parties agree that the question is whether the information was encompassed by Exemption 6, which exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). (*See* Def.'s Mot. at 9; Pl.'s

3

Reply to Def.'s Opp'n to Pl.'s Mot. to Continue Summ. J. Under Rule 56(f) ["Pl.'s Reply"] at 4.) The Navy's Privacy Act regulations provide that although administrative action taken against an officer is "generally not releasable" in response to a FOIA request, such information may be disclosed when the facts underlying the action are "particularly newsworthy." 32 C.F.R. § 701.112(b)(2)(viii)(D) (1999). The service-member's privacy interest, however, must be balanced against the public interest in disclosure to determine whether release is permissible. *Id.* § 701.112(b)(2)(iii).

      Defendant argues that the disclosures were permissible because the record of aviation mishaps within plaintiff's squadron was newsworthy, and the Marine Corps's removal of plaintiff from his position was a matter of high public interest that outweighed plaintiff's privacy interest in the information. (Def.'s Mot. 11.) Plaintiff disputes the newsworthiness of the underlying aviation mishaps and argues that he needs discovery in order to rebut defendant's assertion that the public interest in disclosure outweighed his privacy interest. (Pl.'s Reply at 8.) In particular, plaintiff seeks discovery regarding a number of factual issues that may bear on the issues of newsworthiness and public interest, including, for example, whether the Marine Corps received press inquiries regarding its aircraft safety record, the extent of and the reasons for the Marine Corps's dissemination of a press release regarding plaintiff to media sources, and the scope of the "safety crackdown" that resulted in plaintiff's removal from his position. (*See id.* at 8-9.)[1] The Court agrees that this discovery may provide further factual support for plaintiff's

---

[1] Although plaintiff did not identify the specific topics as to which he seeks discovery in his Rule 56(f) affidavit, this information is included in his reply brief. *See First Chicago Int'l v. United Exchange Co.*, 836 F.2d 1375, 1380-81 (D.C. Cir. 1988) (finding plaintiff's opposition to defendants' motion to dismiss, statement of material issues, and outstanding discovery requests to have been sufficient to alert the district court of the need for further discovery and "an adequate substitute for a Rule 56(f) affidavit"); *Elliott v. Fed. Bureau of Prisons*, No. 04-1702, 2006 WL 3826930, at *4-5 (D.D.C. Dec. 27, 2006) (granting plaintiff's request for discovery

argument that the mishaps were not newsworthy and that there was minimal public interest in the disclosure of any corrective action taken by Marine Corps. *See Chang v. Dep't of the Navy*, 314 F. Supp. 2d 35, 44 (D.D.C 2004) (relying on extent of media coverage of ship collision, *inter alia*, in evaluating public interest in release of information regarding disciplinary action taken against ship commander); Def.'s Reply, Ex. C [Navy Public Affairs Policy and Regulations] at 7-13 (stating that application of Exemption 6 balancing test "may require different answers to the same question during different time frames as media and public interest intensify" and that "[w]hen there is high media and public interest, disclosure of information is not usually withheld because it is an invasion of personal privacy"); *cf. Cochran v. United States*, 770 F.2d 949, 957-58 & n.14 (11th Cir. 1985) (relying on existence of standing media requests for information regarding investigation into Army Major General's misuse of public funds and facilities in finding that release of information regarding Major General's nonjudicial punishment was permissible even without a written FOIA request).

     Plaintiff also argues that he needs discovery to rebut defendant's assertion that the disclosures were neither willful nor intentional. Plaintiff seeks discovery to show that defendant's disclosures were neither newsworthy nor intended to inform the public, but were instead driven by internal Marine Corps politics. (Pl.'s Reply at 10-11.) He also contends that discovery regarding the Marine Corps's compliance with the applicable Navy regulations in determining whether the information should be released to the public may support his claim that the release was willful. (*Id.* at 11.) Although defendant asserts that the Navy "followed its own regulations" (Def.'s Mot. at 13), defendant has offered no evidence to support this assertion. Moreover, defendant concedes that the Marine Corps records pertaining to defendant's decision

---

notwithstanding his failure to file a Rule 56(f) affidavit where need for discovery was set forth in plaintiff's summary judgment opposition).

5

to release the information would be relevant in determining whether any violation of the Privacy Act was willful and intentional. (Def.'s Opp'n to Pl.'s Mot. Pursuant to Rule 56(f) at 5.) The Court therefore agrees that discovery is warranted on this issue as well. *See Maydak v. United States*, 363 F.3d 512, 521 (D.C. Cir. 2004) (assertion that plaintiffs could not obtain damages under the Privacy Act because they had failed to show that any violations were intentional or willful provided no basis for summary judgment "[b]ecause th[e] issue [was] a question of fact entirely undeveloped in the record").

## CONCLUSION

For the forgoing reasons, the Court will grant plaintiff's motion for a continuance under Rule 56(f) and deny defendant's motion for summary judgment without prejudice.

                                                  /s/
                                    ELLEN SEGAL HUVELLE
                                    United States District Judge

Date: July 12, 2007